JOHN W. FOWLER *v.* HENRY FOWLER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—63.]

**Decedent's Estates.**

> Where a decedent left surviving him eight children, but one of
> them died thereafter before the settlement of the estate, it is error
> to apportion and settle the child's estate in the proceeding to settle
> the estate of the father. The one is entirely separate from the other.

APPEAL FROM HARDIN CIRCUIT COURT.

May 29, 1880.

OPINION BY JUDGE PRYOR:

This judgment must be reversed. The distribution made of the
estate as if there were eight heirs living was proper, and the fact
that Warren M. Fowler died after his father does not make his in-
terest become a part of his father's estate. If the appellees are en-
titled to recover, it is as heirs of Warren Fowler and not as heirs of
their father, and the demurrer to the petition ought to have been
sustained to that extent; in other words,—this claim has nothing to
do with the case. If the agreement to divide Warren's interest was
based upon the consideration that these parties would become the
sureties of Warren, the agreement must be declared on and the con-
sideration alleged. The appellees, or one of them, F. K. Fowler,
only claims about $55 for the lunatic in his pleadings, and the com-
missioner should not have gone beyond this in the absence of an
amended pleading. It is unnecessary, however, to notice the excep-
tions taken, as the interest of Warren Fowler is made the basis of
the settlement; and as it can form no part of the devisor's estate the
judgment is *reversed* and the cause remanded with directions to
settle the estate of Felix Fowler as if no report had been made by
the commissioner or judgment rendered.

This record does not show that the assignment of errors was
amended, and if it did we cannot well see how any error assigned
affecting the judgment could fail to embrace the idea that the judg-
ment had been rendered for more than the parties were entitled to
recover.

*W. H. Chelf, A. Duvall, for appellant.*

*James Montgomery, Hays & Bush, for appellees.*